IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JULIUS MARKS, #191094,           )
                                 )
        Plaintiff,               )
                                 )
v.                               )   CIVIL ACTION NO. 2:14-CV-213-MEF
                                 )            [WO]
OFFICER M. KEETON,               )
                                 )
        Defendant.               )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

Plaintiff, an inmate confined at the Easterling Correctional Facility, filed this 42 U.S.C. § 1983 complaint against correctional officer Munchie Keeton.  In the instant cause of action, Plaintiff complains that Keeton touched his private part during pat searches. Plaintiff also challenges his confinement at Easterling.  Upon review of the complaint and the defendant's motion to dismiss, the court concludes that this case is due to be dismissed.

## II.  DISCUSSION

## A.  Eighth Amendment Claims

Plaintiff complains that on four separate and isolated occasions Keeton while conducting requisite pat searches during routine "shakedowns" touched his private part.[1] *Complaint - Doc. No. 1* at 3 (During the first three searches, "while [Keeton was] shaking

---

[1] The searches about which Plaintiff complains occurred on April 17, 2012, November 4, 2012, August 9, 2013, and January 10, 2014.

me down . . . the inside palm [of his left hand] touched . . . my penis."  With respect to the

last search, Keeton "touched me again on my private part . . . with his left inside palm . . . .").

    1.  <u>Claims Barred by Doctrine of Res Judicata</u>.

      In his motion to dismiss, Keeton argues that the claims regarding the initial three

searches are barred by the doctrine of res judicata due to this court's dismissal of *Marks v.*

*Keeton*, Civil Action No. 2:13-CV-620-WHA (M.D. Ala. 2013), *consolidated with Marks*

*v. Woods*, Civil Action No. 2:13-CV-647-WHA (M.D. Ala. 2013), prior civil actions filed

by Plaintiff in which he challenged these searches on the same grounds as those presently

pending before the court.

      Under well settled federal law,

> [t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata."  Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."  *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). Issue preclusion, [often denoted as "collateral estoppel",] in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim.  *Id*., at 748-749, 121 S. Ct. 1808.  By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-154, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979).

*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

      "Our res judicata analysis has always required a consideration of the facts and legal

theories of two causes of action as well as the rights and duties involved in each case."
*Draper v. Atlanta Indep. Sch. Sys.*, 377 F. A'ppx 937, 940 (11th Cir. 2010), *cert. denied*, ___
U.S. ___, 131 S.Ct. 342 (2010) (citing *Manning v. City of Auburn*, 953 F.2d 1355, 1359 (11th
Cir. 1992)).  "We have consistently concluded that when the substance and facts of each
action are the same, res judicata bars the second suit."  *Id*.  In *I.A. Durbin, Inc. v. Jefferson
National Bank*, 793 F.2d 1541 (11th Cir. 1986), the court summarized the doctrine of res
judicata as follows:

> Res judicata . . . refers to the preclusive effect of a judgment in foreclosing
> relitigation of matters that were litigated or could have been litigated in an
> earlier suit. . . .  In order for the doctrine of res judicata to bar a subsequent
> suit, four elements must be present: (1) there must be a final judgment on the
> merits; (2) the decision must be rendered by a court of competent jurisdiction;
> (3) the parties, or those in privity with them, must be identical in both suits;
> and (4) the same cause of action must be involved in both cases.

*I.A. Durbin*, 793 F.2d at 1549 (citations omitted).  The records of this court demonstrate that
each of the requisite elements for application of the bar of res judicata are present in this
case.

Based on the decision of this court in *Marks v. Keeton*, *supra*, finding no
constitutional violation during the pat searches conducted in 2012 and 2013, the court
concludes that Marks' claims regarding these searches are precluded from review by the
doctrine of res judicata.

2. The January 10, 2014 Search.

The Eleventh Circuit has held that "severe or repetitive sexual abuse of a prisoner by

a prison official" can violate the Constitution. *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006) (citing *Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999); *Freitas v. Ault*, 109 F.3d 1335,1338 (8th Cir. 1997); *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997)).   There are two components to a claim of sexual abuse: (1) the injury must be objectively, sufficiently serious (more than *de minimis*); and (2) correctional personnel must have a sufficiently culpable state of mind. *Boxer X*, 437 F.3d at 1111.

The law is well settled that not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillan*, 503 U.S. 1, 9 (1992).   An inmate's allegation of "a brief touch to his buttocks last[ing] mere seconds," during a pat-down search, which was unaccompanied by "sexual comments or banter" does not satisfy objective component of Eighth Amendment claim. *Berryhill v. Schriro*, 137 F.3d 1073, 1076-77 (8th Cir. 1998); *Henthorn v. Hester,* 1995 WL 299031, *2 (6th  Cir. May 16, 1995) (No Eighth Amendment violation during two routine pat down searches when officer moved his "hands open-palmed with fingers together up Plaintiff's leg and inner thighs and touched his (Plaintiff's) testicles"); *Davis v. Castleberry*, 364 F. Supp. 2d 319, 321-22 (W.D.N.Y. 2005) (holding that allegation officer grabbed the inmate's penis during routine pat-down insufficient to state constitutional claim and noting that a legitimate pat-down may require touching an inmate's genital area for the search to be effective).   Although culpability may be inferred from an actual act of sexual abuse, "isolated episodes of . . . touching" do not establish an objectively serious injury so as to meet the first component. *Boxer X*, 437 F.3d

at 1111.  In certain circumstances, such conduct may be unprofessional or even reprehensible and could form the basis of a state tort action but it is not sufficient to state an Eighth Amendment claim for cruel and unusual punishment.  *Id*.; *see also Boddie*, 105 F.3d at 861 (holding that a few incidents involving verbal harassment, touching and pressing without consent are not sufficiently serious to constitute an Eighth Amendment violation); *Washington v. Harri*s, 186 F. App'x 865, 866 (11th Cir. 2006) (unpublished) (holding that prisoner's alleged momentary pain, "psychological injury," embarrassment, humiliation, and fear arising from officer's offensive and unwanted touching were *de minis* injuries not rising to the level of constitutional harm, even if the officer's conduct was inappropriate and vulgar); *Joseph v. Fed. Bureau of Prisons*, 232 F.3d 901 (10th Cir. 2000) (unpublished) (no Eighth Amendment violation where prisoner alleged prison official "touched him several times in a suggestive manner and exposed her breasts to him").

In this case, Plaintiff fails to show that the actions of Officer Keeton during the pat search on January 10, 2014 rise to the level of a constitutional violation. The mere fact that Keeton's palm came into contact with Plaintiff's penis during a routine pat search, an action reasonably inherent in conducting a proper pat search, is insufficient to state a claim under § 1983.  Consequently, this claim is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.  Incarceration at Easterling

Plaintiff asserts that he is improperly incarcerated at Easterling, a security level IV

institution, because his classification level allows incarceration at a less secure facility. *Complaint - Doc. No. 1* at 3 ("I have a level two custody and they all got me at a level four [facility]."). This claim provides no basis for relief as a convicted prisoner has no constitutionally protected right to confinement in a particular correctional facility. *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (no liberty interest arising from Due Process Clause in obtaining transfer to less secure prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."); *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (inmate in Alabama prison system has no constitutionally protected interest in confinement at least restrictive prison environment for which he may be eligible because resulting restraints are not so severe that they exceed the sentence imposed upon him); *see also Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983) (a prisoner has no constitutional right to be confined in a particular institution and may be subjected to an interstate transfer without implicating the Constitution). Although Plaintiff's confinement at Easterling may entail "more burdensome conditions" than that of a less secure facility, this confinement is "'within the normal limits or range of custody which the conviction has authorized the State to impose.' *[Meachum*, 427 U.S. at 225]; *see also Montanye v. Haymes*, 427 U.S. 236, 242, 96 S. Ct. 2543, 2547, 49 L. Ed. 2d 466 (1976)." *Sandin*, 515 U.S. at 478. Since confinement of Plaintiff in a correctional facility he deems inappropriate for his classification level does not rise to the level of a constitutional violation, this claim is subject to dismissal under the provisions of

28 U.S.C. § 1915(e)(2)(B)(ii).

### C.  Lack of Classification Action

To the extent Plaintiff alleges entitlement to favorable action by classification personnel, he is entitled to no relief as an inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. 484 (1995); *Francis v. Fox*, 838 F.2d 1147 (11th Cir. 1988); *Jones v. Diamond*, 594 F.2d 997 (5th Cir. 1979).  Thus, any claim relative to the classification process is frivolous and due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendant Keeton's motion to dismiss be GRANTED.

2.  This case be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 23, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The

parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 9th day of May, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE